United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL D. FOLEY, | No. C 06-7481 CW |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| UNITED STATES; THOMAS MOORE; DISTRICT COURT; DOES 1-100, | |
| Defendants. | |

On March 8, 2007, Defendants United States and Thomas Moore, an Assistant United States Attorney, moved to dismiss the complaint in this case. Pro se Plaintiff Darrell D. Foley filed an opposition, consisting largely of his objections to the judge to whom this case was previously assigned. The case was then reassigned to this Court. Moving Defendants filed a Re-Notice of Motion. Although moving Defendants' motion stated that an opposition must be filed not less than twenty-one days before the re-noticed hearing date, Plaintiff did not file another opposition. In light of his pro se status, the Court granted Plaintiff an additional two weeks to file an opposition. He did not.

Therefore, the Court decides the motion based on the record before it and, having considered the parties' papers, grants moving Defendants' motion to dismiss.

## BACKGROUND

On December 6, 2006, Plaintiff filed this action, asserting six causes of action: (1) intentional infliction of emotional distress; (2) violations of 42 U.S.C. § 1983; (3) abuse of process; (4) violations of the Fourteenth Amendment; (5) violations of the Fifth Amendment; and (6) violations of the Fourth Amendment. Plaintiff complains about Defendant Moore's actions in two other civil cases concerning Plaintiff's dispute with the Internal Revenue Service. For example, Plaintiff contends that Defendant Moore "substituted a case management statement for a motion to dismiss" and, therefore, "initiated legal proceedings which 'inhibit the free action of another person' and deprive the Plaintiff of his Constitutional due process rights." Complaint, p. 20. He seeks special damages, "actual and general compensatory damages," and punitive and exemplary damages; he does not seek injunctive relief.

## LEGAL STANDARD

I.   Federal Rule of Civil Procedure 12(b)(1)

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989). A Rule 12(b)(1)

2

1  motion may either attack the sufficiency of the pleadings to
2  establish federal jurisdiction, or allege an actual lack of
3  jurisdiction which exists despite the formal sufficiency of the
4  complaint.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594
5  F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d
6  1173, 1177 (9th Cir. 1987).

7  Subject matter jurisdiction is a threshold issue which goes to
8  the power of the court to hear the case.  Therefore, a Rule
9  12(b)(1) challenge should be decided before other grounds for
10 dismissal, because they will become moot if dismissal is granted.
11 Alvares v. Erickson, 514 F.2d 156, 160 (9th Cir. 1975), disapproved
12 on other grounds in Local 144 Nursing Home Pension Fund v. Demisay,
13 508 U.S. 581 (1993).

14 A federal court is presumed to lack subject matter
15 jurisdiction until the contrary affirmatively appears.  Stock West,
16 Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).
17 An action should not be dismissed for lack of subject matter
18 jurisdiction without giving the plaintiff an opportunity to amend
19 unless it is clear that the jurisdictional deficiency cannot be
20 cured by amendment.  May Dep't Store v. Graphic Process Co., 637
21 F.2d 1211, 1216 (9th Cir. 1980).

22 II.   Federal Rule of Civil Procedure 12(b)(6)

23 A complaint must contain a "short and plain statement of the
24 claim showing that the pleader is entitled to relief."  Fed. R.
25 Civ. P. 8(a).  A plaintiff need not set out in detail the facts
26 upon which he or she bases her claim; however, the plaintiff must
27 "give the defendant fair notice of what the plaintiff's claim is

3

and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

Although pro se pleadings are to be liberally construed, they must allege facts sufficient to enable a reviewing court to conclude that a claim exists; vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). As the Supreme Court recently explained, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 127 S. Ct. at 1964-65 (inner citations and alteration omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. All material allegations in the complaint, "even if doubtful in fact," are assumed to be true, id., and are construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment

4

would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

## DISCUSSION

Defendants United States and Moore argue that this case should be dismissed with prejudice because this Court lacks jurisdiction over Plaintiff's claims against the United States and because Defendant Moore is absolutely immune from suit for actions taken in his prosecutorial role. Before addressing the merits, however, the Court addresses, sua sponte, whether it must recuse itself from this case.

I. Recusal

Plaintiff named the District Court as a Defendant. A federal judge is required to disqualify him or herself when "a party to the proceeding." 28 U.S.C. § 455(b)(i). Thus, in a "typical situation" the Court would be disqualified from hearing this case. Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Circuit, 453 F.3d 1160, 1164 (9th Cir. 2006). But, as in Ignacio, this is not a typical situation. Nor are these highly exceptional circumstances requiring the disqualification of the undersigned and all other judges in this District. Clemens v. United States Dist. Ct., 428 F.3d 1175, 1180 (9th Cir. 2005) (noting "that disqualification of an entire district is not justified except under highly exceptional

5

circumstances").

The rule of necessity is an exception to disqualification. It allows a judge, normally disqualified, to hear a case when the case cannot be heard otherwise. Ignacio, 453 F.3d at 1163-64. The Ninth Circuit has held that the rule of necessity applies in situations such as this one; thus, even when it is "'possible to convene a disinterested panel in another circuit,'" a court is not required to do so where recusal is necessitated by a meritless action brought indiscriminately against all the judges of that court. Id. at 1164 (quoting Tapia-Ortiz v. Winter, 185 F.3d 8, 10 (2d Cir. 1999)). See also Switzer v. Berry, 198 F.3d 1255, 1257-58 (10th Cir. 2000) (holding that, under the duty to sit and the rule of necessity, "a lawsuit brought indiscriminately against all the active and senior judges on the Tenth Circuit Court of Appeals does not operate automatically to render the court unable to hear and decide an appeal brought by the plaintiff/petitioner"); Bolin v. Story, 225 F.3d 1234, 1238 (11th Cir. 2000) (holding that "the rule of necessity allows at least those judges on this Court who have not been involved in plaintiff's prior appeals to hear this appeal"). As the Ninth Circuit explains, "To hold otherwise would allow and possibly encourage plaintiffs to impede the administration of justice by suing wholesale all the judges in a district or circuit until their case is transferred." Ignacio, 453 F.3d at 1165.

Plaintiff has indiscriminately sued the entire District Court for the Northern District of California. As noted below, his complaint contains no specific allegations against the District

6

1 Court.  Nor does it contain any allegations concerning the
2 undersigned.  Therefore, the Court concludes that it is not
3 disqualified from hearing this case and resolving this motion.
4 II.   Federal Tort Claims Act
5      A suit against the United States or its agencies is barred by
6 the doctrine of sovereign immunity unless the United States gives
7 prior consent to such a suit.  <u>United States v. Shaw</u>, 309 U.S. 495,
8 500-01 (1940).  The Federal Tort Claims Act provides a limited
9 waiver of sovereign immunity for certain torts, including negligent
10 or wrongful acts or omissions committed by government employees
11 while acting in the scope of their employment.  <u>See</u> 28 U.S.C.
12 § 2679.  The Federal Tort Claims Act, however, does not provide a
13 waiver for claims arising out of abuse of process or malicious
14 prosecution.  28 U.S.C. § 2680.
15      The Federal Tort Claims Act requires that Plaintiff first file
16 an administrative claim with the appropriate federal agency; then
17 the claim must be denied, or six months must pass, before this
18 Court has jurisdiction over Plaintiff's action against the United
19 States.  28 U.S.C. § 2675(a).  The Ninth Circuit has "repeatedly
20 held that this 'claim requirement of section 2675 is jurisdictional
21 in nature and may not be waived.'"  <u>Jerves v. United States</u>, 966
22 F.2d 517, 519 (9th Cir. 1992) (quoting <u>Burns v. United States</u>, 764
23 F.2d 722, 724 (9th Cir. 1985)); <u>see</u> <u>also</u> William W Schwarzer, et
24 al., <u>Federal Civil Procedure Before Trial</u> § 1:203.1 ("The
25 administrative claim requirement is jurisdictional and must be
26 followed.").

Plaintiff has not plead that he presented any claim to the appropriate federal agency and that the agency denied his claim, nor does he state in his opposition that he did so. Therefore, the Court lacks jurisdiction over his claims for intentional infliction of emotional distress and violations of the Fourth, Fifth and Fourteenth Amendments and they are dismissed with leave to amend. The Court also dismisses Plaintiff's abuse of process claim because there has been no waiver of sovereign immunity and dismisses his section 1983 claim. See 42 U.S.C. § 1983 (providing for a cause of action against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," violates a citizen's constitutional rights). The dismissal of these two claims is with prejudice.

III. Prosecutorial & Judicial Immunity

The Supreme Court has held that absolute immunity bars claims for damages against "judges, prosecutors, witnesses, and officials performing 'quasi-judicial' functions." Mitchell v. Forsyth, 472 U.S. 511, 520 (1985). Absolute immunity also protects government attorneys in administrative and civil proceedings. See Butz v. Economou, 438 U.S. 478, 516-17 (1978). The Ninth Circuit explains, "Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) (holding that a conspiracy between a judge and the prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, did not pierce the absolute judicial and prosecutorial immunity). Prosecutors act within their authority when they perform a kind of

act "having more or less connection with the general matters" committed to their control or supervision. <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 678 (9th Cir. 1984). Prosecutors are entitled to absolute immunity from damages even if it leaves "the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." <u>Ashelman</u>, 793 F.2d at 1075. There is no bad faith exception to the absolute immunity of a prosecutor working within the scope of his or her authority. <u>Id.</u> (citing <u>Campbell v. Maine</u>, 787 F.2d 776, 778 (1st Cir. 1986)).

The allegations set out in Plaintiff's complaint against Defendant Moore concern quasi-judicial activities taken within the scope of his authority as an Assistant United States Attorney. For example, Defendant Moore allegedly failed to file either an answer to Plaintiff's complaint or a Rule 12(b)(6) motion to dismiss and then filed a case management statement before he filed formal consent to have the case heard by a Magistrate Judge. Even assuming that Defendant Moore acted in bad faith, as Plaintiff alleges, such an allegation is not sufficient to overcome absolute prosecutorial immunity. Even if Defendant Moore's actions were improper, he is still entitled to immunity against any claims for damages. Therefore, the Court dismisses all claims against Defendant Moore. This dismissal is with leave to amend.

IV. Claims against Defendant District Court

In their motion to dismiss, moving Defendants note that Plaintiff's complaint contains no specific allegations against the District Court. Moving Defendants state that, even if the

9

complaint could be construed to contain allegations against the District Court, it is well established, as noted above, that both judges and clerks enjoy absolute immunity from suit for their official acts. <u>See</u>, <u>e.g.</u>, <u>Mireles v. Waco</u>, 502 U.S. 9, 10 (1991).

Although moving Defendants argue that the entire complaint should be dismissed with prejudice, they do not expressly move to dismiss the causes of action against the District Court. Nonetheless, the Court may <u>sua sponte</u> dismiss causes of action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). <u>Omar v. Sea-Land Service, Inc.</u>, 813 F.2d 986 (9th Cir. 1987). Ninth Circuit law provides that the Court may do so "without notice where the claimant cannot possibly win relief." <u>Id.</u> at 991. Here, moving Defendants' motion put Plaintiff on notice that he failed to allege any facts concerning the District Court. But Plaintiff did not address that issue, or the issue of absolute immunity, in his opposition. Given the lack of any allegation against the District Court, Plaintiff cannot possibly win relief as his complaint is currently plead. Therefore, the Court also dismisses Plaintiff's claims against the District Court with leave to amend.

## CONCLUSION

For the foregoing reasons, moving Defendants' motion to dismiss Plaintiff's complaint (Docket No. 17) is GRANTED. Plaintiff's causes of action against the United States for abuse of process and for violation of section 1983 are DISMISSED WITH PREJUDICE; his causes of action against the United States for intentional infliction of emotional distress and violations of the

10

Fourth, Fifth and Fourteenth Amendments are DISMISSED WITH LEAVE TO AMEND. The remainder of Plaintiff's complaint is likewise DISMISSED WITH LEAVE TO AMEND. Plaintiff is granted leave to file an amended complaint alleging, if he can truthfully do so, facts showing that he has exhausted his claims and facts establishing a claim against Defendants Moore and District Court that is not subject to absolute immunity. Plaintiff's amended complaint is due two weeks from the date of this order. If Plaintiff does not file an amended complaint, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

Dated: 8/23/07

CLAUDIA WILKEN
United States District Judge

11

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FOLEY et al,

        Plaintiff,

v.

UNITED STATES et al,

        Defendant.

Case Number: CV06-07481 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 23, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darrell D. Foley
2240 Ninth Street
Berkeley, CA 94710

Sara Winslow
United States Attorney's Office
450 Golden Gate Avenue
9th Floor, Box 36055
San Francisco, CA 94102

Dated: August 23, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk